**NATIONAL AIRLINES, INC., Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS et al., Defendants.**

**No. 69–83–Civ.**

United States District Court
S. D. Florida,
Miami Division.
March 14, 1969.

See also 5 Cir., 416 F.2d 998.

William B. Killian, of Scott, Mc-Carthy, Steel, Hector & Davis, Miami, Fla., for plaintiff.

Plato E. Papps, General Counsel, IAMAW and Joseph P. Manners, of Manners & Amoon, Miami, Fla., for the Union.

ATKINS, District Judge.

This court has concluded that the temporary restraining order requiring National to use three men to taxi planes should be changed to a preliminary injunction. The evidence is clear that no substantial issue of safety is involved in the use of two men instead of three in such taxiing operations. It appears that the use of two men to taxi airplanes is almost the unanimous policy throughout the airline industry. Nevertheless, for the reasons hereinafter delineated, this injunction must be entered.

After consideration of testimony and the memoranda filed, it was determined that affidavits concerning certain facts should be submitted. The area of inquiry included the time at which National complied with the requirements of Article 2C of its Collective Bargaining Agreement with the International Association of Machinists and Aerospace Workers in reducing the crew complement required for taxiing the planes and the time at which the airline and the union exchanged Section 6 notices in accordance with the provisions of the Railway Labor Act.

Cases dealing with the Railway Labor Act are clear in their direction. Once Section 6 notices have been exchanged the status quo between company and union must be maintained. United Indus. Workers of Seafarers Intern. Union of North America, Atlantic, Gulf, Lakes and Inland Waters Dist., Marine Allied Workers Division, AFL-CIO v. Board of Trustees of Galveston Wharves, 400 F.2d 320 (5th Cir., 1968).

The definition of status quo in this circumstance is broad and not limited to those conditions fixed by the existing bargaining agreement. Detroit and Toledo Shoreline Ry. Co. v. Brotherhood of Locomotive Firemen and Enginemen, 267 F.Supp. 572 (D.C.Ohio, 1967); Manning v. American Airlines, Inc., 329 F.2d 32 (C.A.N.Y.1964) cert. den. 379 U.S. 817, 85 S.Ct. 33, 13 L.Ed.2d 29.

The crucial issue in the instant case is then whether the change was made by

National before the Section 6 notices were exchanged. The affidavits are not in agreement on this point. The weight of the evidence is in favor of the union and the Court finds that the Section 6 notices were exchanged prior to effective notice of the taxi crew change. Under this circumstance the aforementioned broad definition of status quo must be adhered to.

The temporary restraining order is changed to a preliminary injunction enjoining National from taxiing its planes with less than three men in the cockpit. This order shall remain in effect until the National Mediation Board has completed its services relative to the Bargaining Agreement before them at this time or until the taxi crew issue is resolved by the System Board of Adjustment.